[No. 3,500.]

## MARIA MANUELLA SAIS v. JOSE NESARIO SAIS.

ORDER GRANTING A NEW TRIAL.—The failure of the District Court to require the short-hand reporter to file his notes of testimony as he is required to do by the statute, is not an error for which an order granting a new trial will be reversed, if the short-hand reporter was incompetent, and could not take down the testimony as it was given, nor read such notes as he did take.

PROVING AN EXCEPTION.—If the District Judge refuses to allow an exception according to the fact, in the settlement of a statement on motion for a new trial, and grants a new trial, the error must be corrected on an appeal from the order, by petitioning the Supreme Court to be allowed to prove the exception.

PROOF OF LOST DEED.—If the defendant in ejectment relies on a deed claimed to have been given to him by the plaintiff, but lost, he must not only prove the existence of the deed, but its contents.

APPEAL from the District Court, Seventh Judicial District, County of Marin.

Ejectment to recover a tract of land in San Rafael township, Marin County, commenced February 21, 1870. The trial was before a jury, and the defendant had a verdict and judgment. The plaintiff moved for a new trial, and the Judge, on the 9th day of December, 1870, made an order granting a new trial. The defendant appealed from the order, and the Supreme Court, at the April term, 1871, remanded the cause, with directions that the District Judge properly settle the statement, and then dispose of the motion for a new trial. On the going down of the remittitur, and on 22th of June, 1871, the defendant presented to the District Judge a petition asking that the short-hand reporter of the Court might be required to file his notes of the testimony and exceptions taken on the trial, and that the statement might be resettled, and he have leave to propose amendments thereto. The petition also stated that the short-hand reporter, A. M. Middleton, was incompetent, and could not take down all the testimony, and could not read the notes or characters which he did take down. The petition was accompanied by affidavits as to the testimony given on the trial which was claimed to be omitted in

the statement. Counter affidavits were filed. The defendant filed twenty-one proposed amendments to the statement, twelve of which were allowed by the Court, and nine were refused. Prior to this, the defendant's attorney made a motion for an order requiring the short-hand reporter to file his notes of testimony, but the Court denied the motion, and the reporter did not file the notes. The Act concerning reporters provides (Sec. 1) that "the reporter shall take down in short-hand all the testimony, the ruling of the Court, and the exceptions taken, and shall, within five days, or such reasonable time as the Court may designate, write out the same in plain, legible, long-hand writing, verify and file it, together with the original short-hand writing, with the clerk of the Court in which the case was tried." (Sec. 2.) "Such report, written out in long-hand writing, as aforesaid, shall be deemed, *prima facie,* a correct statement of the evidence and proceedings therein contained." The statement was then engrossed, but on the petition of defendant, the Judge made an order requiring the plaintiff to rewrite the statement, and insert therein the testimony of Simeon Sepulveda, a witness on the trial. The defendant had asked that the testimony of one Pablo Briones be also inserted, and that other amendments be made to the statement. He claimed that the Judge erred in not allowing these amendments. The demanded premises were a part of the Rancho Canada de Herrera, granted to Domingo Sais, by the Mexican nation. Domingo was dead, and the plaintiff was his widow. The defendant had been in possession of the premises many years, and was a brother of Domingo, and claimed that Domingo, prior to his death, had given him a deed of the same. The statement showed, that while the proof tended to establish the fact that Domingo gave his brother a deed, yet it did not show what were the contents of the deed. The Court below granted a new trial on the statement as settled, on the 9th day of March, 1872. The defendant appealed from the order. On the appeal he insisted that his affidavits filed in the Court below showed that the amendments he proposed should have been allowed, and that the Judge erred in disallowing them, and

that the existence of a deed from Domingo Sais to the defendant was established, and therefore, a new trial should not have been granted.

*B. S. Brooks*, for the Appellant.

The Court should have ordered the filing of the short-hand notes. The statement, therefore, should be disregarded. An order made granting a new trial will be set aside where there is no proper statement to support it.

*T. H. Hanson*, for the Respondent.

By the Court, McKinstry, J.:

At the April Term, 1871, an order was made by this Court directing the Judge of the Seventh District Court properly to settle the statement, and then to dispose of the motion for a new trial.

On the return of the cause, the District Judge ordered the plaintiff to file a proposed statement, which was done. The defendant filed amendments, some of which were allowed and some disallowed, and the statement ordered to be engrossed. The engrossment not being correct, the defendant submitted further amendments, which the Judge allowed, and the statement having been corrected, was signed by the Judge. Upon this statement the District Court granted a new trial. The defendant appealed from the order granting a new trial, and from the "proceedings" upon the settlement of the statement.

It is insisted by counsel for appellant that the District Judge should have ordered the short-hand reporter to file his short-hand notes. But inasmuch as it appears from the appellant's petition that the short-hand reporter was utterly incompetent; that he could not take down the testimony as it was given at the trial, nor read such notes as he did take, the failure of the Judge to require that the notes should be filed could not have injured the appellant.

The defendant presented to the District Judge certain affidavits prior to the settlement of the statement. The defendant has not petitioned this Court for leave to prove that

the District Judge refused to allow an exception in accordance with the facts. (Practice Act, Sec. 189.)

The contents of the alleged deed under which the defendant claimed were not proved.

Order granting new trial affirmed.

Neither Mr. Justice CROCKETT nor Mr. Justice RHODES expressed an opinion.